11-1124-cv
In re Lehman Brothers Holdings, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1 . WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of February, two thousand twelve,

Present:     JOHN M. WALKER, JR.
             PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                      *Circuit Judges*.
_____

IN RE LEHMAN BROTHERS HOLDINGS, INC. et al.,

                      *Debtor.*
_____

LH 1440 L.L.C.,

                      *Plaintiff-Appellant*,


             -v-                                  11-1124-bk

STATE STREET BANK AND TRUST COMPANY,

                      *Defendants-Appellees,*

LEHMAN BROTHERS HOLDINGS, INC. and
LEHMAN COMMERCIAL PAPER INC.,

                      *Defendants.*
_____

Appearing for Appellant:     Mark L. Lubelsky, Mark L. Lubelsky & Associates, New York,
                             N.Y.

Appearing for Appellee:      Andrew C. Phelan (Evan J. Benanti, *on the brief*), Bingham
                             McCutchen LLP, Boston, Mass.

Appeal from the United States District Court for the Southern District of New York (Swain, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

LH 1440 L.L.C. appeals from the March 8, 2011 memorandum opinion of the United States District Court for the Southern District of New York (Swain, *J.*) affirming the July 21, 2010 memorandum decision of the United States Bankruptcy Court for the Southern District of New York dismissing its complaint. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In June 2007 LH 1440 ("Lighthouse") entered into a loan agreement with Lehman Brothers Holdings, Inc. The loan agreement covered three separate loans: an Acquisition Loan, a Project Loan and a Building Loan. Lighthouse used the Acquisition Loan to purchase land at 1440 Story Avenue, Bronx, New York. The money from the building and project loans was to be used to improve and maintain the property, make interest payments on the Acquisition Loan. In September 2008, State Street served Lehman Commercial Paper with notice that it was in default, and, when Lehman Commercial Paper failed to cure, took possession of the Pool. The Pool consisted of mortgages, promissory notes, security agreements, and other loan documents for more than 30 commercial loans. The Acquisition Loan was one of the Pool loans, having been purchased from Lehman Brothers Holdings by Lehman Commercial Paper. At the time, neither the Project Loan nor the Building Loan had been fully funded by the lender. Neither the Project Loan nor the Building Loan was included in the Pool.

On March 31, 2009, Lighthouse filed an adversary complaint in bankruptcy court seeking a declaration that State Street became responsible to complete the funding of the Building and Project Loans when it purchased the Acquisition Loan. Lighthouse argued that all three loans were really one loan, such that when State Street acquired the Acquisition Loan; it also acquired the obligation to extend the other two loans. The bankruptcy court granted the motion to dismiss, finding that State Street "purchased only the promissory note for the Acquisition Loan and not the promissory notes attached to the Project Loan or Building Loan," and that the plain language of the loan agreements "establish[ed] that each of the loans was individually transferable." *In re Lehman Bros. Holdings Inc.*, 2010 WL 2889527, at * 2 (Bankr. S.D.N.Y. July 21, 2010).

The district court affirmed the bankruptcy court's decision, finding that:

> the transaction documents reveal the existence of three related, but separate loans, each in a particular amount, with its own promissory note, to be disbursed and repaid in a manner particular to it. The documents that were assigned to State Street pursuant to the Assignment Agreement only pertain, or were assigned only insofar as they pertain, to the outstanding Acquisition Loan.

*In re Lehman Bros. Holdings Inc.*, 2011 WL 814609, *3 (S.D.N.Y. March 8, 2011).

2

For the reasons set forth by the district court and the bankruptcy court in their carefully reasoned opinions, we affirm.  Even if we make the leap Lighthouse asks and find the three loans were really one loan, each of the loan agreements contains its own transfer clauses which would allow a lender to split and transfer the loans. Given this, Lighthouse's arguments are entirely without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk